**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

RICHARD WIMPYE,

    Plaintiff,

vs.

INTERNATIONAL ASSOCIATION OF
MACHINISTS & AEROSPACE WORKERS,
AFL-CIO/CLC, LOCAL LODGE 1943, et al.,

    Defendants.

Case No.: 1:11-cv-845

Weber, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**[1]

Plaintiff initiated this action on December 14, 2011[2] by filing a complaint against Defendants IAM Local Lodge 1943 and Rhonda Rogers for alleged discrimination in violation of Title VII, 42 U.S.C. 2000e-5(f). (Doc. 3). This action is now before the Court on Defendants' motions to dismiss Plaintiff's complaint (Docs. 10, 11) and the parties' responsive memoranda. (Docs. 15, 21, 22).

**I. Background**

According to the Complaint, Plaintiff, an African-American, was formerly employed with AK Steel. As an employee of AK Steel, Plaintiff was a member of IAM Local Lodge 1943 beginning around September 2007. Plaintiff asserts that IAM Local Lodge 1943 and Rhonda Rogers, a union representative, discriminated against him, purportedly on the basis of race "by not keeping [him] informed on the grievances . . .allegedly filed on my behalf. . ." (Doc. 3 at 2). Plaintiff further asserts that Defendant Rogers did not vote to take such

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Plaintiff filed a motion for leave to proceed *in forma pauperis* on December 5, 2011. (Doc. 1). The motion was granted on December 14, 2011 and the complaint filed the same day.

grievances to arbitration. Plaintiff also alleges that Defendant Rogers "discriminated against me because I was one of the people who crossed the picket line during a year long lockout in 2006." (Doc. 3 at 3).

On January 5, 2011, Plaintiff filed a Charge of Discrimination with the EEOC against IAM Local Lodge 1943 alleging that he was discriminated and retaliated against during his employment due to his race. (*See* Doc. 3 at 6). Plaintiff's EEOC charge states, in relevant part:

> I believe I have been unlawfully discriminated against for the following reasons:
>
> A. During my membership, Ms. Rogers never told me the results of grievances that she allegedly filed on my behalf.
>
> B. During my membership, I informed Ms. Rogers of my belief that she was not representing me adequately because of my race. Ms. Rogers did nothing to address my concerns.
>
> C. I believe that Respondent has successfully arbitrated grievances wherein Caucasian employees engaged in serious misconduct. Ms. Rogers informed me that Respondent would not arbitrate my termination grievance because it was "not reasonably defensible." Upon request, I can provide examples of those situations/persons whom Respondent treated more favorably and whom had either not complained about discriminatory representation or where Caucasian.

(Doc. 3 at 6).

On November 18, 2011, the EEOC determined that it was unable to conclude that the information they had obtained established any violation of the relevant statutes and issued a Right to Sue letter. (Doc. 3 at 7). Thereafter, Plaintiff filed the instant action in December 2011 against Defendants IAM Local Lodge 1943 and Rhonda Roger alleging race discrimination in violation of Title VII. Defendants now move to dismiss Plaintiff's

complaint. Specifically, Defendant IAM Local argues, *inter alia*, that Plaintiff's complaint fails to state a claim for relief. Defendant Rogers further argues that she cannot be held personally liability under Title VII. The undersigned agrees, and for the reasons that follow, recommends that Defendants' motions to dismiss be granted.

## II. Analysis

### A. Standard of Review

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), Plaintiff's' complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. Thus, the factual allegations of a pleading "must be enough to raise a right to relief above the speculative level ...." *Twombly*, 550 U.S. at 555. *See*

*also Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008).

> **B.   Plaintiff's complaint fails to state a valid claim for relief against Defendant Local Lodge 1943**

Title VII provides the following with regard to labor organizations:

(c) Labor organization practices

> It shall be an unlawful employment practice for a labor organization-
>
> (1) to exclude or to expel from its membership, or otherwise to discriminate against, any individual because of his race, color, religion, sex, or national origin;
>
> (2) to limit, segregate, or classify its membership or applicants for membership, or to classify or fail or refuse to refer for employment any individual, in any way which would deprive or tend to deprive any individual of employment opportunities, or would limit such employment opportunities or otherwise adversely affect his status as an employee or as an applicant for employment, because of such individual's race, color, religion, sex, or national origin; or
>
> (3) to cause or attempt to cause an employer to discriminate against an individual in violation of this section.

42 U.S.C.A. § 2000e-2(c).

In the absence of direct evidence of discrimination in a traditional employer v. employee discrimination case, a Plaintiff may establish a *prima facie* case of discrimination by showing: 1) that he was a member of a protected class; 2) that he suffered an adverse employment action; 3) that he was qualified for the position; and 4) he was replaced by someone outside the protected class or was treated differently than similarly-situated, non protected employees. *McDonnell Douglass Corp. v. Green*, 411 U.S. 792 (1973); *Wright v. Murray Guard, Inc.*, 455 F.3d 702, 707 (6th Cir. 2006).

When a union member, brings a claim of race discrimination against his

representative labor organization, courts have crafted an analysis similar to the *McDonnell Douglas* framework used in the employer-employee context. See *Driver v. U.S. Postal Service, Inc.*, 328 F.3d 863, 868-69 (6th Cir. 2003); *York v. A.T. & T. Co.*, 95 F.3d 948 (10th Cir. 1996); *Robinson v. Central Brass Mftrg. Co.*, 987 F.2d 1235, 1238-39 (6th Cir. 1993); *Patterson v. United Steelworkers of America*, 2005 WL 1539264 (N.D. Ohio 2005). To establish a *prima facie* case against the Union under Title VII for failing to file a grievance, plaintiff must show that (1) the employer violated the collective bargaining agreement with respect to plaintiff; (2) the union permitted the violation to go unrepaired, thereby breaching the union's duty of fair representation; and (3) the union's actions were motivated by discriminatory animus. *York v. AT & T Co.*, 95 F.3d 948, 955-956 (10th Cir. 1996).

Furthermore, a union's statutory duty of fair representation does not oblige it to take action on every grievance brought by every member. *Vaca v. Sipes*, 386 U.S. 171, 191-92 (1967). Indeed, if a union could be compelled to take official action on every grievance, irrespective of merit, the union would quickly deplete its resources and credibility; and the arbitration machinery would eventually become overburdened. *Id.* at 191-92. Thus, a labor organization is not legally required to pursue an employee's grievance where it is convinced that no logical basis for doing so exists, or where further pursuit of the grievance would needlessly deplete its resources and undermine its credibility. *York*, 95 F.3d at 956.

In this case, Plaintiff's complaint consists solely of vague and unsupported allegations. Notably, Plaintiff's complaint (and the attached EEOC charge) allege that Defendants failed to keep him informed of any grievances filed on his behalf and failed to take his cases to arbitration "because I am Black and because I'm a replacement worker

who crossed the picket line . . . ." (Doc. 3 at 5). Other than asserting that he is a member of a protected class, Plaintiff's complaint fails to include any facts to establish a *prima facie* case of discrimination in the context of a discrimination claim brought against a union/labor organization. *See York*, 95 F.3d at 955-56. Plaintiff does not allege that his employer violated the collective bargaining agreement and/or that Defendant permitted the violation to go unrepaired. Nor does Plaintiff provide any facts supporting his allegation that Defendant's conduct was motivated by racial animus. Notably, the complaint fails to: identify the nature or content of any of the grievances allegedly filed; identify how he was harmed by Defendant's alleged failure to keep him informed; identify the date or time-frame of the filing of such grievances; and/or detail the outcome of the grievances. Furthermore, Plaintiff does not allege with any specificity the actions Defendant took to discriminate against him for crossing the picket line.

In light of the foregoing, the undersigned finds that the allegations contained in Plaintiff's complaint fail "to raise a right to relief above the speculative level ...." *Twombly*, 550 U.S. at 555. Accordingly, Plaintiff's complaint is properly dismissed pursuant to Rule 12(b)(6).[3]

### C. Plaintiff's Claims Against Defendant Rogers Also Fail as a Matter of Law

Additionally, to the extent that Plaintiff is attempting to bring claims under Title VII against Defendant Rogers, individually, such claims should be dismissed. *See Wathen v.*

---

[3] To the extent that Plaintiff's complaint is liberally construed to include a hybrid Section 301 cause of action under 29 U.S.C. § of the Labor Management Relations Act for breach of the collective bargaining agreement and breach of the duty of fair representation by Local Lodge 1943, such a claim is time-barred by the applicable six-month statute of limitations. As noted by Defendant Local Lodge 1943, Plaintiff's EEOC charge was filed on January 5, 2011, yet the instant action was not filed until December 2011.

*General Electric Co.*, 115, F.3d 400, 404 n.6, 405 (6th Cir. 1997) (Title VII does not provide for individual liability); *see also Liggins v. State of Ohio*, 210 F.3d 372, 2000 WL 178420, **2 (6th Cir. 2000) (district court properly dismissed [plaintiff's] Title VII claims against the individual defendants because "the named defendants, sued in their individual capacities, are not included within the statutory definition of 'employer' under Title VII and its sister civil rights statutes, and accordingly cannot be held personally liable for discrimination").

Accordingly, the undersigned finds that Defendant Rogers cannot be held liable under Title VII, therefore, the claims against her are properly dismissed.

### III. Conclusion

For the reasons stated herein, **IT IS RECOMMENDED** that Defendants' motions to dismiss (Docs. 10, 11) be **GRANTED,** the remaining pending motions be **DENIED as MOOT** (Docs. 13, 14, 16, 17) and this case be **CLOSED**.

                    *s/Stephanie K. Bowman*
                    Stephanie K. Bowman
                    United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

RICHARD WIMPYE,

    Plaintiff,

vs.

INTERNATIONAL ASSOCIATION OF
MACHINISTS & AEROSPACE WORKERS,
AFL-CIO/CLC, LOCAL LODGE 1943, et al.,

    Defendants.

Case No.: 1:11-cv-845

Weber, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).